UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXIS CRAWFORD,

                Plaintiff,

v.

TRISH et al.,

                Defendants.

Case No. 3:23-cv-06104-DGE

ORDER TO SHOW CAUSE OR
FILE AN AMENDED COMPLAINT

This matter comes before the Court on plaintiff's motion to *proceed in forma pauperis* in regard to her proposed complaint. Dkt. 4. Plaintiff is currently incarcerated at Coffee Creek Corrections Center in Wilsonville, Oregon, and is unrepresented by counsel in this matter. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **January 26, 2024**, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

BACKGROUND

In the proposed complaint, plaintiff alleges that defendant Tristian[1] "the night girl" discriminated against plaintiff, and her friend, at Blue Goose Market III LLC, where Tristian is employed. Dkt. 4-1 at 7. Plaintiff claims that the discrimination was on the

---

[1] Plaintiff names "Trish 'the night girl'" in the caption of the complaint. Dkt. 4 at 1. However, in the statement of claim plaintiff refers to defendant as "Tristian 'The night Girl.'" Dkt 4-1 at 7-8. For the purpose of this Order, the Court will refer to this defendant as "Tristian."

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 1

basis of their disability status as addicts and asserts that this was in violation of the Washington Law Against Discrimination (WLAD). Dkt. 4-1 at 7.

Specifically, plaintiff alleges that on December 22, 2022 around 1:30 am plaintiff and her friend stopped at the Blue Goose Market to pump gas and tighten their tire; while they were tightening the tire, defendant Tristian made comments such as "you got five minutes to move your car or your [sic] loitering" and "she's high off heroin, meth or blues and I don't want any drug addicts on my property" and, "I'm going to call the cops and tell them you are out her [sic] smoking dope in the parking lot." *Id*. Plaintiff alleges that she and her friend had paid for gas and attempted to explain to Tristian that they were simply trying to tighten the lug nut on their tire, but Tristian would not listen; eventually plaintiff and her friend left the property. *Id*. at 7-8.

The Court notes that plaintiff previously filed a claim in this district alleging facts related to the same incident. *See Crawford et al v. Chevron Corporation*, 3:23-cv-05114-JHC, 2023 WL 5206377 (W.D. Wash. Aug. 14, 2023). In that case, plaintiff originally named Chevron Corporation, Chevron USA, and Tristian (the night girl) as defendants and alleged a singular claim under WLAD. *Id*. On August 14, 2023 the Honorable John H. Chun granted defendant Chevron Corporation's motion for judgment on the pleadings. *See id*. As plaintiffs asserted only state law claims and both plaintiffs and Tristian, the sole remaining defendant, were citizens of Washington State, Judge Chun subsequently declined to exercise supplemental jurisdiction over claims against Tristian and dismissed the case. *Id*.

ORDER TO SHOW CAUSE OR FILE AN AMENDED COMPLAINT - 2

DISCUSSION

The Court must dismiss a complaint and motion for proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). The court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984). Under Fed. R. Civ. P. 8, and 12(b)(6), the complaint must contain facts that, accepted as true, "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it must give "notice of the deficiencies of [their] complaint and an

opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### 1. Subject matter jurisdiction

A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met, even if the parties do not bring this issue to the attention of the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal subject-matter jurisdiction exists under: (1) diversity jurisdiction and (2) federal-question jurisdiction. U.S. Const. Art. III §2, cl. 1; 28 U.S.C. §§ 1331, 1332.

If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh,* 546 U.S. 500 at 514. "Lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); see also, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("the first and fundamental" question that a federal court must ask is whether it has Article III jurisdiction, and if the court makes a decision in a case where the court lacks jurisdiction "a court [would] act ultra vires").

Here plaintiff asserts that her claim arises under WLAD and does not indicate that there is a federal question basis for federal jurisdiction. Dkt. 4-1 at 3, 7. Matters of federal question arise under federal law only when the federal questions arise on the face of the well-pleaded complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). It

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 4

does not appear that plaintiff has brought claims under the federal statutes known as the Americans with Disabilities Act (ADA), however, courts use the same analysis to decide claims under WLAD as to decide claims under the ADA. *Kees v. Wallstein*, 161 F.3d 1196, 1199 (9th Cir. 1998). If plaintiff wishes to raise claims under the ADA, she must amend her complaint.

Plaintiff asserts that diversity jurisdiction is the basis for federal jurisdiction in this case. Dkt. 4-1 at 3. However, plaintiff does not establish diversity of citizenship. Diversity jurisdiction requires complete diversity of citizenship, i.e., that every plaintiff be a citizen of a different state from every defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Plaintiff is currently incarcerated in Oregon at Coffee Creek Corrections Center in Wilsonville, Oregon. Dkt. 4-1 at 1. The Court notes, however, that in plaintiff's prior case in this district, she indicated that she resided in Washington prior to her incarceration. Complaint at 1, *Crawford et al v. Chevron et al*, 3:23-cv-05114-JHC (W.D. Wash. March 16, 2023); Notice Change of Address, *Crawford et al v. Chevron et al*, 3:23-cv-05114-JHC (W.D. Wash. May 26, 2023). Also, plaintiff does not make it clear whether she is only asserting claims against the individual defendant, identified as "Tristian the night girl," or whether plaintiff is also including the entity Blue Goose Market III LLC as a defendant in this matter. Plaintiff would need to show that Tristian is not a citizen of the same state as plaintiff, to establish diversity of citizenship. And, if plaintiff decides to file an amended complaint, she needs to clearly identify each defendant, and if Blue Goose Market is also a named defendant, plaintiff must establish either federal question jurisdiction or diversity jurisdiction regarding Blue Goose Market (and for

diversity jurisdiction, she would need to show that Blue Goose Market is not a citizen of the same state as the other defendants or plaintiff).

The Ninth Circuit has "not decide[d] whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction." *U.S. v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012). However, the Ninth Circuit has indicated that "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962). Plaintiff has not provided any information regarding her residence in Oregon except for the fact that she is incarcerated there. Therefore, plaintiff has not established that she is a citizen of Oregon for the purposes of 28 U.S.C. § 1332 jurisdiction.

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **January 26, 2024.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the

issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a copy of this Order and the *Pro Se* information sheet. **Additionally, the Clerk is directed to re-note plaintiff's IFP application for January 26, 2024**.

Dated this 10th day of January, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 7